UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JULIA HOPPLE,

      Plaintiff,

vs.

THE JOINT COMMISSION ON ACCREDITATION
OF HEALTHCARE ORGANIZATIONS d/b/a THE
JOINT COMMISSION

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### Preliminary Allegations

1.     Plaintiff, Julia Hopple, is a citizen of the United States and resident of Broward County, Florida.

2.     Defendant, The Joint Commission on Accreditation of Healthcare Organizations, is a-not-for-profit Illinois corporation, that operates across the United States including in Broward County, Florida and is doing business as The Joint Commission.

3.     This is a civil action seeking judgment, relief and/or damages brought pursuant to 42 U.S.C. §§12101, et seq., as amended (ADA), for discrimination based on a disability and the failure to accommodate same.

4.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question), 1343(a)(4), and the Florida Civil Rights Act of 1992 (FCRA). Mrs. Hopple's state law claims arise out of the same common nucleus of facts and therefore supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367.

5.      Venue is proper here pursuant to 28 U.S.C. §1391(b), Plaintiff was employed in this jurisdiction and "a substantial part of the events or omission giving rise to these claims occurred" within this jurisdiction.

6.      At all relevant times, Plaintiff was suffering from a disability as defined by 29 C.F.R. §1630.2(g).

7.      Plaintiff's Parkinson's Disease symptoms substantially limit her ability to stand, walk, and perform manual activities if she is required to be confined to a small space/sit for long hours such as is required on cross country flights.

8.      Upon arrival at West coast airports, Plaintiff's muscles stiffen to the point where she has trouble walking and she is at risk of falling on an episodic basis.

9.      Upon information and belief, at all relevant times, Defendant was an employer as defined by the ADA and FCRA in that Defendant employed fifteen (15) or more employees during the relevant calendar years, in fact its website boasts that it employs 1,000 people in its surveyor force.

10.     On or about February 7, 2012, Plaintiff began her employment as a Surveyor with Defendant, The Joint Commission.

11.     During her employment she was considered a good and reliable employee, with no history of disciplinary, performance, or attendance issues.

12.     On or about May 2018, Plaintiff requested an accommodation to limit her travel to East and Central Time Zones since her medical condition worsened on long flights, creating extreme discomfort, and putting Plaintiff in danger of falling.

13.     On or about January 2019, Mrs. Hopple's accommodations request was granted.

14.     Mrs. Hopple continued to perform her job functions as limited by the accommodation she requested without incident for the next six (6) months.

15.    Mrs. Hopple's reasonable accommodations were abruptly cancelled by the Defendant in July 2019 when she notified her superiors of a conflict of interest, as she was required to do, regarding one of the facilities she was set to survey, which was located in Pennsylvania.

16.    Instead of rescheduling her for an East coast assignment, she was purposefully assigned to the West coast.

17.    Mrs. Hopple attempted to resolve the issues with her employer, however, the Joint Commission refused to participate in the interactive process, and nothing was done to address her working conditions.

18.    Mrs. Hopple was forced to retire, due to the cancellation of her reasonable accommodations request and Defendant's refusal to engage in the interactive process after the cancellation, effective August 31, 2019.

19.    Mrs. Hopple made diligent efforts to mitigate her damages by finding equivalent work, but she was unable to do so.

20.    Mrs. Hopple filed a timely dual charge of discrimination with the Florida Commission on Human Rights (FCHR) and the U.S. Equal Employment Opportunity Commission (EEOC).

21.    More than 180 days have passed since Mrs. Hopple filed her charge of discrimination on or about October 3, 2019.

22.    The EEOC issued a letter of determination and Notice of Right to Sue, which was received on March 11, 2021.

## COUNT I – AMERICANS WITH DISBILITIES ACT ("ADAAA")

23.    Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

24.     As a result of Defendant's actions as described above, Mrs. Hopple suffered injury and damages, including but not limited to economic damages for lost benefits, and she seeks compensatory damages for the humiliation and indignity of being discriminated against.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages including but not limited to damages for pain and suffering, mental anguish, inconvenience and loss of dignity, punitive damages, and costs and attorney's fees, all to the fullest extent permitted by law.

## COUNT II – FLORIDA CIVIL RIGHTS ACT ("FCRA")

25. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

26.     As a result of Defendant's actions as described above, Mrs. Hopple suffered injury and damages, including but not limited to economic damages for lost benefits, and she seeks compensatory damages for the humiliation and indignity of being discriminated against.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages including but not limited to damages for pain and suffering, mental anguish, inconvenience and loss of dignity, punitive damages, and costs and attorney's fees, all to the fullest extent permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Julia Hopple, prays that this Honorable Court enter an order as follows:

A) Declaring that Defendant violated Plaintiff's rights under the Americans with Disabilities Act and the ADA Amendments Act of 2008 as set forth herein;

B) Declaring that Defendant violated Plaintiff's rights under the Florida Civil Rights Act as set forth herein;

C) Appropriate injunctive relief, including but not limited to reinstatement of Julia Hopple's position with The Joint Commission;

D) Back pay in an amount to be determined at trial;

E) In the event reinstatement is not granted, front pay;

F) Compensatory and consequential damages, including for emotional distress against defendant The Joint Commission;

G) Punitive damages against defendant The Joint Commission;

H) Pre-judgment and post judgment interest at the highest lawful rate;

I) Attorneys' fees and costs of this action; and

J) Granting such other relief this Court deems just and proper.

## Request for Jury Trial

The Plaintiff demands a jury trial on all issues so triable in this matter.

Respectfully submitted,

**HEVIA LAW FIRM**
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, FL 33134
Tel: 786-441-5120 | Fax: 786-743-5600
eService: Susy@HeviaLawFirm.com

By: */s/ Anthony C. Hevia, Esq.*
Anthony C. Hevia, Esq.
Fla. Bar No.: 41148
Email: Anthony@HeviaLawFirm.com
Courtney A. Salas, Esq.
Fla. Bar No.: 1010412
Email: Courtney@HeviaLawFirm.com